

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. E. Patterson
County Attorney
Brewster County
Alpine, Texas

Dear Sir:

Opinion No. O-3895
Re: Commissioners' Courts - Em-
ployment of wolf trappers

Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

"Can a county legally pay out funds to
apply on 1/3 of the salary for a government
trapper, and if they can are they limited to
number of trappers that may be employed?

"The practice as followed is: for an
association to pay 1/3 of the salary of govern-
ment trappers, the state government a 1/3
and the commissioners court the other 1/3.

"As stated before, I would appreciate
an opinion as to whether or not the Commis-
sioners Court can legally pay the 1/3 of
said salaries, and if they can, are the limit-
ed on number of trappers that may be thus em-
ployed."

We assume from your request that you are referring
to wolf trappers employed by the United States Department
of Agriculture, Bureau of Biological Survey, in cooperation
with the Chairman of the Livestock Sanitary Commission of
Texas and the Commissioners' Court of your county, and our
answer hereto is based upon that assumption.

Article 192b, Section 1, Vernon's Annotated Texas
Civil Statutes, reads as follows:

"Sec. 1. That the State of Texas will
cooperate through the Live Stock Sanitary

Honorable C. E. Patterson, Page 2

Commission of Texas with United States Depart-
ment of Agriculture, Bureau of Biological Sur-
vey, in destroying coyotes, wolves, mountain
lions, bobcats and other predatory animals, and
through the Agricultural and Mechanical College
of Texas will cooperate with the United States
Department of Agriculture, Bureau of Biological
Survey, in destroying prairie dogs, pocket
gophers (Salamanders), jack rabbits, ground
squirrels and other rodent pests in the inter-
est of the protection of live stock, crops
and ranges."

Article 192b, Section 4, Vernon's Annotated Texas
Civil Statutes, reads as follows:

"Sec. 4. The Chairman of the Live Stock
Sanitary Commission of Texas is hereby au-
thorized and directed to execute a cooperative
a reement with the Secretary of Agriculture
of the United States of America or the Bureau
of Biological Survey of the United States of
America for carrying out such cooperative work
in predatory animal control in such manner
and under such regulations as may be stated in
said agreement. The president of the Agricul-
tural and Mechanical College of Texas is hereby
authorized and directed to execute a coopera-
tive agreement with the Secretary of Agricul-
ture or the Bureau of Biological Survey for
carrying out such cooperative work in rodent
control in such manner and under such regula-
tions as may be stated in said agreement."

Article 192b, Section 5, Vernon's Annotated Texas
Civil Statutes, reads as follows:

"Sec. 5. That the Commissioners' Court
of any county within the State or the govern-
ing body of any incorporated city or town
within the State is empowered and authorized
at its discretion to appropriate funds for
the prosecution of the predatory animal and
rodent control work contemplated by this Act
(Art. 192b; P. C. art. 1378a) and in coopera-

Honorable C. E. Patterson, Page 3

tion with State and Federal authorities to employ labor and to purchase and provide supplies required for the effective prosecution of this work."

Article 192b, Section 6, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Sec. 6. All furs, skins and specimens taken by hunters or trappers, paid from State funds shall be sold under rules prescribed by the Live Stock Sanitary Commission of Texas and the proceeds of such sales shall be paid into the State Treasury to be credited and added to said predatory animal fund. All furs, skins, and specimens taken by hunters or trappers paid from county funds shall be sold as prescribed by the Commissioners' Court of the county, and the proceeds of such sale shall be paid into the County Treasury to be credited and added to such predatory animal fund, provided that any specimen so taken may be presented free of charge to the Agricultural and Mechanical College, or any other State institution or to the United States National Museum for scientific purposes."

Opinion No. O-2709 of this department holds that the Commissioners' Court of Navarro County had authority to help pay the salary of a wolf trapper where the United States Department of Agriculture, Bureau of Biological Survey, paid the remainder of the wolf trapper's salary. We enclose herewith a copy of said opinion for your information.

You are respectfully advised that it is the opinion of this department that the Commissioners' Court has authority to pay out county funds (from the general fund of the county) to apply on the salary of such government wolf trapper. It is our further opinion that the Commissioners' Court may employ or assist in the payment of the salaries of as many such government wolf trappers as the Court in its sound discretion determines to be necessary.

Yours very truly

APPROVED SEP 13, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By _____ J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

WJF:CO